UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL E. PLUM,

                                  Plaintiff,                  DECISION AND ORDER

-vs-

                                                          6:18-CV-6127 (CJS)

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.
_____

INTRODUCTION

Now before the Court is the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) by Plaintiff's attorney, Justin Jones, Esq., of the Law Offices of Kenneth Hiller PLLC ("Attorney Jones"). Mot. for Att'y Fees, Jan. 9, 2020, ECF No. 17. Attorney Jones represented Plaintiff Michael E. Plum ("Plaintiff") in this Court's review of a denial of benefits by the Commissioner of Social Security ("Commissioner") that resulted in a stipulated reversal of the Commissioner's decision and a remand for further proceedings. Stip. and Order for Remand, Dec. 17, 2018, ECF No. 13. For the reasons set forth below, Attorney Jones' motion for attorney fees [ECF No. 17] is partially granted, and he is directed to refund to Plaintiff the $7,250.01 that he was previously awarded under the Equal Access to Justice Act.

BACKGROUND

Plaintiff filed his application for disability benefits under Title II of the Social Security Act on July 14, 2014, alleging an onset date of September 1, 2013. Compl.

1

(Ex. A), 5, Feb. 9, 2018, ECF No. 1-1. After his claim was denied, Plaintiff received a hearing before an Administrative Law Judge ("ALJ"), at which he was not represented by Attorney Jones or the Kenneth Hiller law firm.[1] *Id.* at 2. The ALJ rendered an unfavorable decision to Plaintiff, and the Commissioner's Appeals Council denied Plaintiff's request for review. Compl. (Ex. B), Feb. 9, 2018, ECF No. 1-2.

On January 18, 2018, Plaintiff executed a fee agreement for Attorney Jones' representation of Plaintiff in this Court's review of the Commissioner's final decision under 42 U.S.C. § 405(g). Mot. for Att'y Fees, Ex. (Fee Agreement), Jan. 9, 2020, ECF No. 17-11. The provisions of the fee agreement most relevant to the present motion read as follows:

> Attorney and Client understand that for a fee to be payable, the Social Security Administration (SSA) and/or court must approve any fee my representative charges or collects for me for services my representative provides in proceedings before SSA or a federal court ….
>
> If I do receive Social Security benefits, the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim or $6,000, whichever is lower . . . [But if] an appeal is taken of the decision of an Administrative Law Judge to the Appeals Council or to a federal court, the $6,000.00 limit shall not apply ….
>
> If my claim goes to federal district court, I consent to have my attorney apply for fees in such a manner as to maximize the fee paid to him, even though it may eliminate or decrease a fee refund under the Equal Access to Justice Act (EAJA) to which I might have been otherwise entitled ….
>
> I acknowledge that a federal court may award my attorney a reasonable fee under the Equal Access to Justice Act (EAJA), in which event such

---

[1] Plaintiff was represented at his hearing before the ALJ by Erin F. Boardman of the law firm of Segar and Sciortino. Compl. (Ex. A) at 4.

> award shall be payable to my attorney and retained by my attorney to the extent permitted by law, and I shall not be entitled to any such award and assign said award to my attorney; provided, however, that I may be entitled to a credit for such fee in the event my attorney is awarded an additional fee for federal court services under 42 U.S.C.A. § 406(b) ….

*Id.*

Plaintiff filed his complaint in this Court on February 9, 2018, and a motion for judgment on the pleadings on March 10, 2018. Mot. J. on Pleadings, Mar. 8, 2018, ECF No. 10. In his 23-page memorandum of law, Attorney Jones provided an extensive factual background, and argued persuasively that the ALJ had failed to reconcile his assessment of Plaintiff's residual functional capacity with two medical opinions of record. Mem. of Law, 16, Mar. 8, 2018, ECF No. 10-1. On December 17, 2018, the Plaintiff and the Commissioner entered into a Stipulation and Order for Remand. *See* ECF No. 13. Soon thereafter, Attorney Jones filed a motion for attorney fees under the Equal Access to Justice Act, and in a stipulated order was awarded $7,250.01. Stipulation and Order for Att'y Fees, Jan. 22, 2019, ECF No. 16.

Plaintiff received a fully favorable decision upon remand, and the Commissioner mailed Plaintiff a Notice of Award on November 26, 2019, communicating the Commissioner's determination that Plaintiff was entitled to $140,259.52 in past due benefits. Mot. for Att'y Fees Ex. 8 (Notice of Award), Jan. 9, 2020, ECF No. 17-8. The Notice of Award also informed Plaintiff that $35,064.88 was being withheld to pay Plaintiff's representative, if applicable. *Id.* However, the Commissioner apparently failed to notify Attorney Jones of the determination, and

Plaintiff did not notify Attorney Jones of the determination until December 23, 2019. Mem. of Law, 6, Jan. 9, 2020, ECF No. 17-5.

Following receipt of the Notice of Award on December 23, 2019, Attorney Jones filed the present motion with this Court under § 406(b), requesting attorney fees of $35,064.88. *Id.* at 2. Attorney Jones acknowledges that if the Court awards him fees in this action, he must refund to Plaintiff the $7,250.01 in fees that he received under Equal Access to Justice Act. *Id.* In response, the Commissioner points out that "courts have held the amount requested by [Attorney Jones] is unreasonable and a windfall," and that "the Section 406(b) Motion could be untimely." Resp., 1, Feb. 10, 2020, ECF No. 19. For ease of discussion, the Court will address the Commissioner's points out of order.

DISCUSSION

42 U.S.C. § 406(b)(1)(a) provides that in claims against the Commissioner, "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." The fee awarded cannot be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and it is paid "out of, and not in addition to, the amount of [the claimant's] past-due benefits."[2] *Id.* An attorney

---

[2] This is in contrast to attorney fees awarded under the Equal Access to Justice Act (EAJA). The EAJA provides that the agency against which the action was brought pays the attorney's fees of the prevailing party unless the court finds that the agency's position was "substantially justified." 28 U.S.C. § 2412(d).

receiving an award under this provision is not entitled to any other payment. *Id.*

<u>Plaintiff's Motion was Timely Filed</u>.

The Commissioner suggests that Attorney Jones' motion for fees under § 406(b) could be untimely filed. The Court disagrees with the Commissioner's suggestion.

The Second Circuit has made clear that "Fed. R. Civ. P. 54(d)(2)(B) provides the filing time for attorney's fee applications pursuant to 42 U.S.C. § 406(b)." *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). Fed. R. Civ. P. 54(d)(2)(B)(i) states that unless a statute or court order provides otherwise, a motion for attorney fees must "be filed no later than 14 days after the entry of judgment." For § 406(b) motions for attorney fees, "that period is tolled until a benefits calculation is made on remand and notice thereof received by the parties." *Sinkler*, 932 F.3d at 89 (citation omitted). Additionally, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.*

The Court finds that the circumstances in this case warrant the enlargement of the § 406(b) filing period. Attorney Jones presents affidavits from himself, co-counsel, an office administrator familiar with the mail procedures, and the office manager that affirm that through no fault of his own, Attorney Jones was not timely notified of Plaintiff's Notice of Award. *See, e.g.*, ECF Nos. 17-1 to 17-4. Further, the Commissioner concedes that Plaintiff's Notice of Award was addressed to Plaintiff "and Plaintiff's counsel was not [carbon-copied (cc'd)] with the letter." Resp. at 4. Lastly, Attorney Jones promptly filed his papers once he did receive notice.

5

Therefore, the Court accepts Attorney Jones' § 406(b) motion for attorney fees as timely filed.

The Requested Fee is a Windfall.

The Commissioner also suggests that although Attorney Jones' requested attorney fee of $35,064.88 is not contrary to the twenty-five percent cap on contingent-fee agreements under § 406(b), it is nevertheless an unreasonable windfall. The Court agrees.

In this case, Plaintiff and Attorney Jones entered into a contingent-fee agreement under which Attorney Jones would represent Plaintiff in exchange for twenty-five percent of past due benefits, if awarded. Mot'n for Att'y Fees Ex. 5 (Fee Agreement), ECF No. 27-5. The Supreme Court has held that courts should evaluate such contingent-fee arrangements "by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)). "Deference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)).

However, a contingent-fee agreement is not *per se* reasonable. *Id.* When assessing the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring

that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805 (explaining the Congressional intent of the provision). Several factors are important in making this determination:

> These factors include: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn*, 389 F. Supp. 2d at 456 (quoting *Gisbrecht*, 535 U.S. at 808).

As indicated above, Plaintiff's fee agreement in this case plainly states that for appeals of the Commissioner's decision before a federal court "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from my claim." Mot'n for Att'y Fees Ex. 5 (Fee Agreement), ECF No. 27-5. Hence, the fee agreement expresses a clear contingency fee arrangement that does not exceed the statutory maximum of twenty-five percent of past-due benefits. *See* 42 U.S.C. 406(b)(1)(A).

Moreover, the first and second reasonableness factors weigh in favor of Attorney Jones' request. First, Attorney Jones clearly secured Plaintiff an excellent result. Following Attorney Jones' Memorandum in Support of Judgment on the Pleadings, the Commissioner stipulated to a remand of the case, and Plaintiff was eventually determined to be entitled to approximately $140,000 in past due benefits. *See, e.g., Lofton v. Berryhill*, No. 6:17-CV-06459-MAT, 2019 WL 180673, at *2 (W.D.N.Y. Jan. 14, 2019) ("[c]ounsel's effective briefing secured a reversal and

7

remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision."). Second, there is no indication Attorney Jones unreasonably delayed the proceedings to indirectly increase his fee through the accumulation of additional benefits.

With respect to assessing the third reasonableness factor, whether the fee award constitutes a "windfall," neither the Supreme Court nor the Second Circuit have provided a bright-line test. *See Goins o/b/o J.D.G. v. Berryhill*, No. 6:16-CV-06398-MAT, 2019 WL 311620, at *2 (W.D.N.Y. Jan. 24, 2019). Nevertheless, the Supreme Court has suggested that conducting what is essentially a lodestar analysis may be helpful, though not determinative. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Further, the Second Circuit has cautioned that courts must be mindful that "payment for an attorney in a [S]ocial [S]ecurity case is inevitably uncertain," and recognize "that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Wells v. Berryhill*, No. 15-CV-0334-A, 2018 WL 6047273, at *2 (W.D.N.Y. Nov. 19, 2018) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Lastly, other courts in this Circuit have considered the evidence of effort expended by the attorney, the attorney's experience and efficiency, and the length of representation, including work done at the administrative agency level. *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL

8

858994, at *4 (E.D.N.Y. March 27, 2008).

Taking the foregoing guidance into account, the Court notes that based on the itemized statement submitted, Attorney Jones and his colleague spent a total of 36.9 hours representing Plaintiff in the district court. Mot. for Att'y Fees, Ex. 1 (Jones Affirmation), ¶ 13, Jan. 9, 2020, ECF No. 17-1. Attorney Jones has worked on Social Security cases since 2018, and has handled approximately 150 cases in this district. *Id.* at ¶ 3–4. He did not represent Plaintiff at the administrative level, but the work he reported on his time log for this case was largely substantive.[3] Dividing the fee requested ($35,064.88) by the total hours expended by counsel (36.9) yields an effective hourly rate of more than $950, as compared with Attorney Jones' normal hourly rate of $300.[4]

The case of *Wells v. Berryhill* is strikingly similar to the present case. *Wells* 2018 WL 6047273. In *Wells*, counsel filed a complaint seeking review of the Commissioner's denial of benefits to plaintiff and a motion for judgment on the pleadings. *Id.* at *1. Thereafter, the Commissioner agreed to voluntarily remand

---

[3] Attorney Jones reports that he spent: about four and one-half hours on legal research, approximately twenty-two hours drafting his motion for judgment on the pleadings and supporting legal memorandum, less than an hour reviewing correspondence, and one hour preparing his motion for attorney's fees under the EAJA. Mot. for Att'y Fees, Ex. 1 (Jones Affirmation) at ¶ 13.

[4] Attorney Jones cites another case from this district for the proposition that the calculation ought to exclude the earlier award of attorney's fees under the EAJA to arrive at an hourly rate of approximately $750 ($35,064.88 - $7,250.01 = $27,814.87; $27,814.87 / 36.9 hours = $753.79). See Mem. of Law at 12 (citing *Post v. Saul*, 2019 WL 2867166 (W.D.N.Y. July 3, 2019)). The Court disagrees. Attorney Jones has already been awarded the $7,250.01, which was paid by the Commissioner. *See* 28 U.S.C. § 2412(d). The $35,064.88 that Attorney Jones now requests is completely independent of the earlier award. The proper calculation is: $7,250.01 (EAJA fees previously awarded) + $35,064.88 (§406(b) fees requested) - $7,250.01 (refund to Plaintiff per § 406(b)) = $35,064.88; $35,064.88 / 36.9 hours = $950.27.

the case and stipulated to fees under the EAJA totaling $5,367 with no further briefing. *Id.* On remand, the ALJ issued a decision in the plaintiff's favor and counsel sought $26,707 in fees under § 406(b) for 29.3 hours of work. *Id.* After a thorough analysis, the district court acknowledged counsel's risk of nonpayment and the skill with which he executed his brief, but reduced counsel's fee because "this case did not involve as much work as the typical Social Security appeal." *Id.* at *3.

To be sure, "courts in this Circuit routinely approve fee awards in the [S]ocial [S]ecurity context that are above the regular hourly rates." *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (citing *Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work); *Warren v. Astrue*, No. 06–CV–2933 CBA, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) (approving $25,000.00 for 38 hours of work); and *Rowell v. Astrue*, No. 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (awarding $27,413.19 for 72.25 hours of work)). At the same time, however, the Court must consider countervailing factors. *See Wells*, 2018 WL 6047273, at *2.

Here, Attorney Jones' work on behalf of Plaintiff and before the Court consisted primarily of researching, drafting and filing a motion for judgment on the pleadings. While his motion was certainly effective, the Court cannot ignore that this case did not follow the normal course of litigation for a Social Security appeal in this District—that is, a motion for judgment on the pleadings followed by a reply brief and further argumentation. *Id.* Hence, not only did Attorney Jones not represent Plaintiff in

the agency proceedings before the Commissioner, this case did not even involve as much work as the typical Social Security appeal. The Commissioner stipulated to both the remand and the EAJA award of $7,250.01 for the same work at issue in his § 406(b) motion. *See Heffernan*, 87 F. Supp. 3d at 355–356 (discussing *Whittico v. Colvin*, No. 5:09–CV–907 (FJS), 2014 WL 1608671, at *4 (N.D.N.Y. Apr. 22, 2014); *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154(ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007)).

Therefore, having considered the facts of this case, including the evidence of effort expended, Attorney Jones' experience and efficiency, and the length of representation, the Court concludes that Attorney Jones' requested $36,064.88 fee would amount to a "windfall" that must be reduced. *Wells*, 907 F.2d at 372. This reduction of counsel's fee is in no way a reflection of counsel's skill or the quality of his work, but rather of the Court's duty to balance the interest in protecting claimants from inordinately large fees with the interest in ensuring attorneys are adequately compensated. *Gisbrecht*, 535 U.S. at 805.

Bearing in mind the Second Circuit's reminder that a contingency agreement "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment," the Court will limit the size of the fee reduction. *Wells*, 907 F.2d at 371. The Court concludes that a fee of $27,675 ($750 per hour) is reasonable under the circumstances of this case, and that

such a fee reasonably compensates an attorney of Attorney Jones' experience in handling Social Security claims. An award of this fee satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their Social Security appeals. *Devenish v. Astrue*, 85 F. Supp.3d 634, 638 (E.D.N.Y. 2015).

## CONCLUSION

For the reasons set forth below, Attorney Jones' motion for attorney fees [ECF No. 17] is partially granted and Attorney Jones is awarded $27,675. Upon receipt of this award, Attorney Jones is directed to refund to Plaintiff the $7,250.01 that he was previously awarded under the Equal Access to Justice Act. The Clerk is directed to close this case.

SO ORDERED.

DATED: April 13, 2019
Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge